UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ARTECIA BEHROOZI, | : |
|     Plaintiff, | : |
| | : |
| v. | :    C.A. No. 15-536S |
| | : |
| SAEID BEHROOZI, | : |
|     Defendant. | : |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

It is black letter law that a federal court has a continuing duty to inquire as to its subject matter jurisdiction, even absent a motion. McCulloch v. Velez, 364 F. 3d 1, 5 (1st Cir. 2004); In re Whatley, 396 F. Supp. 2d 50, 53 (D. Mass. 2005). The First Circuit's recent issuance of a new ruling that clarifies the scope of the domestic relations exception to federal diversity jurisdiction on November 14, 2016, necessitated a review of the Court's subject matter jurisdiction in this matter. See Irish v. Irish, __ F.3d __, No. 16-1053, 2016 WL 6678347 (1st Cir. November 14, 2016).

In Irish, the plaintiff, Ms. Dawn Irish, had obtained a judgment of divorce in state court from her husband, Mr. Craig Irish, based on a Separation Agreement, which provided for alimony for Ms. Irish and divided their marital assets. Id. at *1. Two years later, Mr. Irish received a substantial financial pay-out from the sale of the company for which he worked; his ownership interest in that company had been a subject addressed in their Separation Agreement. Id. at *2. Instead of going back to the state court, Ms. Irish sued her former husband in federal district court, making various contract, tort and fraud claims. Id. The federal district court conducted hearings and a trial, based on which Ms. Irish was awarded almost four million dollars in damages. Id. at *3. Mr. Irish appealed to the First Circuit Court of Appeals, arguing that the

federal district court lacked subject matter jurisdiction, so that the award must be vacated and the case must be dismissed.  Id.

The First Circuit agreed.  Its ruling is based on the domestic relations exception to federal diversity jurisdiction, under which the federal government has historically deferred to the states with respect to all aspects of the regulation of marriages.  Id. at *3-4; see United States v. Windsor, 133 S. Ct. 2675, 2691 (2013).  Citing the policy goal of preventing "federal courts from meddling in a realm that is peculiarly delicate, that is governed by state law and institutions (e.g., family courts), and in which inter-court conflicts in policy or decrees should be kept to an absolute minimum," the First Circuit held that claims to "obtain, alter or end a divorce, alimony or child custody decree" are outside the reach of federal jurisdiction and best left to state resolution.  2016 WL 6678347, at *3-4.  Importantly, Irish instructed district courts to look past the plaintiff's "characterization of her action . . . to resolve the jurisdictional issue.  We look to the reality of what is going on.  The domestic relations exception 'governs claims over [domestic relations decrees] even where they are cloaked in the 'trappings' of any type of claim.'"  Id. at *5 (citing Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003)); see Chevalier v. Estate of Barnhart, 803 F.3d 789, 795–96 (6th Cir. 2015) ("plaintiff may not artfully cast a suit seeking to [create or] modify ... a [domestic relations] decree as a state-law contract or tort claim in order to access the federal courts."); Sutter v. Pitts, 639 F.2d 842, 844 (1st Cir. 1981) ("Although [plaintiff] clothed her complaint in the garb of a civil rights action, ... her claim boil [ed] down to a demand for [child] custody ... 'best left to the states.'").

Because of the importance of the principle that the federal court cannot act unless there is federal subject matter jurisdiction, Ms. Irish's entire effort in the district court was for naught

2

and her damage award was vacated.  The First Circuit returned the case to the district court with instructions that it be dismissed.

Based on <u>Irish</u>'s clarification of the scope of the domestic relations exception to federal diversity jurisdiction, it is now clear that Plaintiff's complaint falls into the exception.  Boiled to its essence,[1] Plaintiff asks the federal court to alter the property settlement agreement, which formed the basis of her final divorce decree, by changing the alimony provisions, potentially to a lifetime alimony award, and by changing the provisions related to payment for health benefits.  <u>See</u> R.I. Gen. Laws Ann. § 15-5-16 (factors to consider in determining alimony award under Rhode Island law).  She also appears to ask the Court to reallocate marital assets and adjust and enforce the alimony award based on Defendant's alleged fraud in reporting his past salary, future earning capacity and remarriage.  R.I. Gen. Laws Ann. § 15-5-16.1 (Family Court may adjust spousal support and allocation of marital assets based on considerations that include future earning capacity and other factors as may be deemed just).  Based on <u>Irish</u>, it is now clear that these matters all fall outside the domain of federal jurisdiction.  Because it appears that Plaintiff seeks to "obtain, alter or end [an] . . . alimony . . . decree," her state law tort and contract claims are within an area specifically precluded from federal court review by <u>Irish</u>.  2016 WL 6678347, at *3-4.  Accordingly, diversity jurisdiction pursuant to 28 U.S.C. § 1332 cannot be sustained over this complaint.

The remaining question is whether Plaintiff has nevertheless successfully invoked federal question jurisdiction by her claim that the forum selection clause in her property settlement agreement and the "execution/formation" of it violates the substantive due process clause of the Fourteenth Amendment.  The touchstone for the analysis is the clear mandate that a viable

---

[1] Because Plaintiff is *pro se*, I have employed a liberal construction of her complaint.  <u>See</u> <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972) (per curiam); <u>Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ.</u>, 209 F.3d 18, 23 (1st Cir. 2000).

substantive due process claim requires proof not just that the plaintiff "suffered the deprivation of an established life, liberty, or property interest," but also that "such deprivation occurred through governmental action that shocks the conscience." Najas Realty, LLC v. Seekonk Water Dist., 821 F.3d 134, 145 (1st Cir. 2016); see Martinez v. Cui, 608 F.3d 54, 65 (1st Cir. 2010) ("Only conscience-shocking behavior can be sufficiently arbitrary and egregious to be of constitutional significance.").

It is well settled that, far from shocking the conscience, forum selection clauses in property settlement agreements are generally enforceable. Pek v. Prots, 976 A.2d 1145, 1150 (N.J. Super. Ch. 2008); In re Marriage of Walker, 678 N.E.2d 705, 708 (Ill. App. 1st Dist. 1997). Further, it is also clear that state courts, including those in Rhode Island, examine an array of factors in determining whether it would be just to enforce a forum selection clause in a specific case. Hogan v. McAndrew, 131 A.3d 717, 722 (R.I. 2016) (Rhode Island Supreme Court performs nuanced analysis of enforceability of mutually agreed-upon forum-selection clause in property settlement agreement). Thus, a substantive due process claim cannot be based on the inclusion of such a clause in a property settlement agreement. Moreover, there is nothing else in this complaint that comes close to an allegation of a governmental action serious enough to "shock the conscience." See, e.g., Marrero-Rodriguez v. Municipality of San Juan, 677 F.3d 497, 502 (1st Cir. 2012) (shooting trainee in the back enough to shock the conscience); Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009) (precipitous seizures and cruel killings of pet cats and dogs may be enough to shock the conscience); Hasenfus v. LaJeunesse, 175 F.3d 68, 70 (1st Cir. 1999) (conduct by officials that resulted in child's attempted suicide, leading to coma and permanent impairment may be enough to shock the conscience). Based on this analysis, Plaintiff's reliance on the substantive due process clause fall short. Accordingly,

this Court cannot exercise federal question jurisdiction over her complaint pursuant to 28 U.S.C. § 1331.

With neither diversity jurisdiction because of the domestic relations exception nor federal question jurisdiction because of the dearth of allegations of governmental conduct that shocks the conscience, I recommend that this matter be dismissed for want of subject matter jurisdiction and for failure to state a claim on which relief may be granted by this Court. 28 U.S.C. § 1915(e)(2)(B); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). To afford Plaintiff an opportunity to rehabilitate her complaint, if she can, I further recommend that this Court provide Plaintiff with thirty days from the adoption of this report and recommendation to file an amended complaint. Brown v. Rhode Island, 511 F. App'x 4, 5, 7 (1st Cir. 2013) (per curiam). If she fails to do so or if she files a new complaint that is still fails to plead claims over which the Court has jurisdiction, I recommend that her complaint be summarily dismissed without prejudice.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 22, 2016