UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
ARTECIA BEHROOZI,                  )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. No. 15-536 S
                                   )
SAEID BEHROOZI,                    )
                                   )
        Defendant.                 )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

Plaintiff Artecia Behroozi's Complaint seeks to alter and enforce a property settlement agreement that formed the basis of a final divorce decree entered by the Rhode Island Family Court in 2006. (ECF No. 1.)  On November 22, 2016, Magistrate Judge Patricia A. Sullivan filed a Report and Recommendation (R&R) (ECF No. 14) explaining why this Court lacks subject matter jurisdiction to consider Plaintiff's claims.  In essence, this Court has neither diversity jurisdiction because of the domestic relations exception (see Irish v. Irish, 842 F.3d 736, 740-41 (1st Cir. 2016)), nor federal question jurisdiction because Plaintiff's complaint insufficiently alleges a cognizable substantive due process claim (see Najas Realty, LLC v. Seekonk Water Dist., 821 F.3d 134, 145 (1st Cir. 2016)).  Magistrate

Judge Sullivan recommends that this Court provide Plaintiff with thirty days from the date of this Order to file an amended complaint that rehabilitates the defects identified in her Complaint.

Plaintiff has filed an objection to the R&R, asserting that this Court does in fact have diversity jurisdiction over her claims because she is alleging breach of contract and fraud claims and because she has sufficiently pled allegations to invoke this Court's federal question jurisdiction.[1] (Obj. 4, ECF No. 15.) As discussed in the R&R, however, Irish is clear that the Court is to look past a plaintiff's "characterization of her action . . . to the reality of what is going on."  842 F.3d at 742.  The domestic relations exception to diversity jurisdiction applies when "the claim at issue is one to obtain, alter or end a divorce, alimony or child custody decree." Id. at 741 (quoting Dunn v. Cometa, 238 F.3d 38, 41 (1st Cir. 2001) (emphasis added)).  "The domestic relations exception governs claims over domestic relations decrees even where they are cloaked in the

---

[1] The Court notes that Plaintiff's objection to the R&R was filed two days after the fourteen-day period for filing an objection to the R&R had expired. See LR Cv 72(c)(1) ("Failure to file specific objections . . . constitute[s] waiver of the right to review by the district judge and the right to appeal the Court's decision."); see also United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).  Her objection is, therefore, technically waived, as is her right to appeal the Court's decision to accept the R&R.

2

trappings of another type of claim." Id. at 742 (internal quotations, citations, and brackets omitted).  While Plaintiff's complaint articulates allegations of fraud and breach of contract, it is clearly seeking to both alter and enforce the terms of the property settlement agreement.

The Court therefore ACCEPTS the R&R (ECF No. 14) and adopts the recommendations therein.  In addition, Plaintiff's Motion for Judicial Notice (ECF No. 16) is DENIED AS MOOT.  Plaintiff may file an amended complaint within thirty days from the date of this Order.  If Plaintiff does not file an amended complaint within thirty days, or does not plead claims over which this Court has jurisdiction, the complaint shall be summarily dismissed without prejudice.

IT IS SO ORDERED.

/s/ W.E.Smith
William E. Smith
Chief Judge
Date:  March 8, 2017