UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ARTECIA BEHROOZI,  :
    Plaintiff,  :
         :
v.  :    C.A. No. 15-536S
         :
SAEID BEHROOZI,  :
    Defendant.  :

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On March 8, 2017, this Court adopted the recommendations in a November 22, 2016, report and recommendation, holding that Plaintiff's complaint raised issues precluded from federal court review as clarified by the First Circuit's decision in Irish v. Irish, 842 F.3d 736 (1st Cir. 2016). Specifically, the Court held that Plaintiff's complaint fell within the scope of the domestic relations exception to federal diversity jurisdiction. Plaintiff was afforded an opportunity to amend her complaint with the caution that, if the amended complaint did not plead claims over which the Court has jurisdiction, it would summarily be dismissed without prejudice.

On April 7, 2017, Plaintiff filed a timely amended complaint.[1] ECF No. 18. According to its statement of claims, it seeks redress only based on state law breach of contract and "tort for fraud." ECF No. 18 at 12-14. Inconsistently, the pleading nevertheless alleges that it is invoking the Court's federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. ECF No. 18 at 4. It alludes to 42 U.S.C. § 1983 and now refers in the body of the pleading to "Judges for the Rhode Island Family Court" and the "Family Court" as defendants, although they

---

[1] Because Plaintiff is *pro se*, I have employed a liberal construction of her amended complaint. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

are not named in the caption.[2]  ECF No. 18 at 6.  Yet, as with the first version of Plaintiff's complaint, the gravamen of the claim appears to be that the property settlement agreement entered by the Rhode Island Family Court in connection with her divorce must be relitigated in this Court.  She alleges that the property settlement agreement was wrongly decided in that the many hearings before the Rhode Island Family Court were tainted by fraud and violations of due process and equal protection.  She seeks an order from this Court for appointment of a forensic accountant to assist in relitigating the issues of alimony and what she is entitled to receive from the marital assets.  ECF No. 18 at 14.

In determining whether a claim is one to "obtain, alter or end a divorce, alimony or child custody decree" and outside the reach of federal jurisdiction, Irish instructs district courts to look past the plaintiff's "characterization of her action . . . [to] resolve the jurisdictional issue."  842 F.3d at 742 ("We look to the reality of what is going on.  The domestic relations exception 'governs claims over [domestic relations decrees] even where they are cloaked in the "trappings" of any type of claim.'") (citing Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003)); see Sutter v. Pitts, 639 F.2d 842, 844 (1st Cir. 1981) ("Although [plaintiff] clothed her complaint in the garb of a civil rights action, . . . her claim boil[ed] down to a demand for [child] custody . . . 'best left to the states.'").  Thus, disputes like this one, which turn on the validity and meaning of a separation agreement and the proper distribution of marital property subsequent to a divorce decree, cannot proceed in federal court.  Sav. Bank Life Ins. Co. of Mass. v. Fleming, Civil Action No. 16-10535-FDS, 2016 WL 7197370, at *3 (D. Mass. Dec. 9, 2016).

---

[2] To the extent that Plaintiff has named as defendants any judge of the Rhode Island Family Court or the court itself, all such claims are independently subject to dismissal based on the absolute immunity of judicial officers.  See Uzamere v. United States, No. 13-505 S, 2013 WL 5781216, at *8 (D.R.I. Oct. 25, 2013), aff'd, No. 13-2454, slip op. (1st Cir. Apr. 11, 2014) ("When performing their respective functions, legislators, judicial officers and prosecutors are all protected by absolute immunity.") (citing cases); Toro v. Rhode Island, C.A. No. 08-064 S, 2008 WL 2973035, at *3 (D.R.I. Aug. 1, 2008) ("For the purposes of judicial immunity, courts and judges have been treated as synonymous.") (citing cases).

Based on the foregoing and on a careful read of the pleading, I find that Plaintiff's amended complaint still falls into the domestic relations exception. Accordingly, diversity jurisdiction pursuant to 28 U.S.C. § 1332 cannot be sustained over this complaint. Pursuant to the Court's directive, I now recommend that this matter be summarily dismissed without prejudice based on the want of subject matter jurisdiction and (as to the claims against the Family Court and its judges) for failure to state a claim on which relief may be granted by this Court. 28 U.S.C. § 1915(e)(2)(B); see Fed. R. Civ. P. 12(h)(3).

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 12, 2017